# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RUSSELL SCHOOLEY, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 14 – 515 |
| Plaintiff, | ) | |
| | ) | District Judge Maurice B. Cohill |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| PENNSYLVANIA DEPARTMENT | ) | |
| OF CORRECTIONS, J.D. SMITH, | ) | |
| CORRECTIONAL OFFICER | ) | |
| BRIGGS and D. KELLY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that this case be dismissed as duplicative, that the pending motions be dismissed as moot and that this case be closed.

### II. REPORT

Russell Schooley ("Plaintiff") is a prisoner who is currently incarcerated at SCI-Greene. The above-captioned case was transferred to this Court from the Scranton Division of the Middle District of Pennsylvania on April 21, 2014. In his complaint, Plaintiff alleges that on August 26 or 27, 2011, and in retaliation for previous grievances that he had filed, Officer J.D. Smith destroyed his property (auto mechanics textbooks) and that Officer Briggs failed to prevent his property from being destroyed. After the destruction of his property, Plaintiff filed a grievance against Officer J.D. Smith on August 29, 2011. Shortly thereafter, Plaintiff received a written

misconduct by Officer D. Kelly for lying to an employee. Plaintiff contends that the misconduct was issued in response to the grievance he had filed against Officer J.D. Smith. Following an investigation into the incident, Plaintiff was found guilty and sentenced to thirty days of disciplinary custody time. Plaintiff appealed the misconduct, and his final appeal was denied on November 15, 2011.

The following background is relevant to the undersigned's recommendation:

1. <u>CA No. 3:13-cv-2929-RDM-TMB (Scranton)</u>

On December 4, 2013, Plaintiff initiated CA No. 3:13-cv-2929-RDM-TMB ("13-2929") in the Scranton Division of the Middle District of Pennsylvania. Plaintiff's original complaint filed in that matter is identical to/an exact copy of his complaint in the above-captioned case (see *supra* for allegations). Although the complaint in 13-2929 was signed by Plaintiff, it was submitted on Plaintiff's behalf by innate Nathan Riley. On January 15, 2014, Magistrate Judge Blewitt entered a Report and Recommendation ("R&R"), recommending that several of Plaintiff's claims be dismissed and that the Pennsylvania Department of Corrections be dismissed from the action with prejudice. On January 29, 2014, the court received a letter written by inmate Riley in which he informed the court that it had sent Plaintiff's legal mail (the R&R dated January 15, 2014) to him by mistake. Therefore, inmate Riley requested that the court forward that mail to Plaintiff. The record reflects that this was done. However, instead of filing objections to the R&R, Plaintiff filed an amended complaint. The court accepted the amended complaint and denied as moot Judge Blewitt's R&R dated January 15, 2014.

Plaintiff's amended complaint is the same as his original complaint except for the addition of the following allegations – that Officer D. Kelly conspired with Officer J.D. Smith and Officer Briggs to cover up the destruction and/or theft of his personal property (auto

mechanic textbooks), that the misconduct report was fabricated, and that the defendants defamed Plaintiff's character.

On April 28, 2014, Judge Blewitt entered another R&R, again recommending that certain claims be dismissed and that the Pennsylvania Department of Corrections be dismissed from the action with prejudice. Plaintiff filed timely objections to the R&R, which the court adopted in part and overruled in part by Memorandum Order filed by District Judge Mariani and dated May 23, 2014.

On June 4, 2014, Plaintiff's motion to proceed *in forma pauperis* was granted and the court directed the United States Marshals Service to serve the defendants. The record in that case reflects no further activity as of this day.

2. CA No. 3:14-cv-224-RDM (Scranton)

On February 10, 2014, the Scranton Division of the Middle District of Pennsylvania received an exact copy of Plaintiff's *original* complaint that was filed in 13-2929, along with a letter written by Plaintiff stating that inmate Riley was acting as his jailhouse lawyer and that all documents should therefore be sent to both of them. In this letter, Plaintiff also inquired as to the status of his "case". Unfortunately, Plaintiff did not reference case 13-2929 on either the copy of his complaint or the attached letter. Therefore, the Clerk in Scranton opened another case and filed Plaintiff's complaint at CA No. 3:14-cv-224-RDM ("14-224").

On March 6, 2014, Magistrate Judge Blewitt recommended that Plaintiff's complaint in 14-244 be transferred to the Western District of Pennsylvania. In response, Plaintiff submitted a letter to the court in Scranton stating that he was in receipt of Judge Blewitt's R&R and did not object to his case being transferred to the Western District. Plaintiff also stated that he planned to file an amended complaint after the case was transferred and also stated that inmate Riley was

no longer assisting him. On April 21, 2014, District Judge Mariani adopted Judge Blewitt's R&R as the opinion of the court and shortly thereafter the case was transferred to this Court. It was docketed in the above-captioned case.

On April 29, 2014, Plaintiff filed a notice to the court in Scranton. The notice clearly indicates Plaintiff's confusion and that Plaintiff was unaware that another case was opened when he submitted a *copy* of his complaint that was already filed in 13-2929.

3. CA No. 2:14-cv-515-LPL (Pittsburgh)

On April 21, 2014, case 14-224 was transferred to this Court, assigned to the undersigned and opened at CA No. 2:14-cv-515-LPL ("14-515"). The complaint was served on the defendants and they responded by filing a Motion to Dismiss on July 3, 2014, asserting that Plaintiff's claims are time-barred. That motion is still pending before the Court. Plaintiff also filed a motion requesting a temporary restraining order and preliminary injunction, stating that he is in fear of his safety at SCI-Greene. That motion is also still pending before the Court but it appears that a similar letter/motion was filed with the Scranton court in case 13-2929 on May 30, 2014.

4. Discussion

The instant action should be dismissed because it is duplicative to Plaintiff's pending action at 13-2929 in the Middle District of Pennsylvania, Scranton Division, which case was first filed.

*a. Duplicative Litigation*

As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another suit in federal court. *See* Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no

precise rule has evolved, the general principle is to avoid duplicative litigation."); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*) (prohibiting a plaintiff from "maintin[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

   b. *First Filed Rule*

Under the "first filed" rule, "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it," E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988) (quotation and alteration omitted), meaning, "where there are parallel proceedings in different federal courts, the first court in which jurisdiction attaches has priority to consider the case," FMC Corp. v. AMVAC Chem. Co., 379 F. Supp. 2d 733, 737 (E.D. Pa. 2005).

The threshold issue when addressing the first filed rule is whether the proceedings are "truly duplicative," that is, the later-filed case must be "materially on all fours" with the previously filed action to trigger the first filed rule. Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 333 n.6 (3d Cir. 2007) (citation and internal quotations omitted). "[T]he issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other." Id. (internal quotations omitted); *see also* Kedia v. Jamal, No. 06-6054, 2007 U.S. Dist. LEXIS 30343, 2007 WL 1239202, at *3 (D.N.J. Apr. 25, 2007) (finding

that "the Third Circuit Court of Appeals has interpreted the first-filed rule narrowly, holding that it only applies to truly duplicative proceedings" (internal quotations omitted)).

   *c. Analysis*

Here, the complaint in this matter is on "all fours" with the amended complaint that is pending in case 13-2929, in the Middle District of Pennsylvania, Scranton Division. Indeed, the complaint in this matter *was* the original complaint filed in 13-2929. Plaintiff only added claims when he filed his amended complaint in 13-2929.

It is the undersigned's belief that case 14-224 was opened in error. It is clear that Plaintiff did not intend to have this case opened. This is indicated in his letter dated February 5, 2010, which was attached to the *copy* of his complaint as received by the Scranton court on February 10, 2014. In that letter, Plaintiff stated:

> I am writing concerning the above captioned lawsuit [Russell Schooley v. Correctional Officer 1 J.D. Smith, et al. Defendants] that was filed on my behalf in November. I've received word that you got Mr. Riley and myself confused as far as the names, inmate numbers and such are concerned. This letter is to clarify everything.
> I asked Mr. Riley to write out and file a lawsuit on the defendants for me. I am the plaintiff, not him. He is acting in the role of Jailhouse Lawyer/legal advisor for me. Therefore, all documents should be sent to both of us.
> I still haven't received anything regarding whether or not the lawsuit was approved or even received by you or your office. I want to know what is going on with this as soon as possible.
> Please find enclosed a copy of the claim that was filed on my behalf and let me know what is going on with this lawsuit. Thank you for your time and patience. I appreciate your prompt response.

It appears as if this letter was overlooked in Scranton because it is obvious that Plaintiff was referring to his case filed at 13-2929. Thus, it is believed that case 14-224 should never have been opened and transferred to this Court.

There is no doubt that this proceeding evolved out of a clerical error. Nevertheless, it involves the same facts and legal issues as that filed at 13-2929, which is still pending in the Middle District. The two cases are "truly duplicative" and the first filed rule requires dismissal of this action.[1]

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this case be dismissed as duplicative, that the pending motions be dismissed as moot and that this case be closed.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: July 22, 2014

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Solomon Johnson
GX7163
SCI Benner
301 Institution Drive
Bellefonte, PA 16823
*(Via First Class Mail)*

---

[1] The Court notes that Plaintiff paid the full amount of the filing fee in case 14-224 but that he is *proceeding in forma pauperis* in case 13-2929. Thus, this Court recommends that the Clerk of the Middle District of Pennsylvania transfer the filing fee paid in case 14-224 and apply it to case 13-2929.

7